UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Margaret Koss                                                                Civil No. 06-4639 (JRT/FLN)

    Plaintiff,

    v.                                                                                  **REPORT AND RECOMMENDATION**

The Young Men's Christian
Association of Metropolitan Minneapolis,

    Defendants.

---

Thomas E. Glennon for Plaintiff.
Brian T. Benkstein for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 27, 2007, on Defendants' motion for partial dismissal for failure to state a claim for relief. Defendant seeks dismissal of Plaintiff's claim because Plaintiff failed to commence the action under the Minnesota Human Rights Act (MDHR) within the mandatory 45-day period following the MDHR issuance of a notice of Right to Sue letter. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be denied.

**I.    FINDINGS OF FACT**

On October 5, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of the Americans with Disabilities Act (ADA). That charge was cross-filed with the MDHR. (Exhibit 5.) On August 31, 2006, the EEOC dismissed Plaintiff's charge and issued a Notice of Right to Sue to plaintiff. (Exhibit 3). Plaintiff's attorney received a courtesy copy. (Exhibit 3.) On October 5, 2006, the MDHR dismissed Plaintiff's state

law charge and issued Plaintiff a Notice of Right to Sue on her state law claims. (Exhibit 2.) Again, Plaintiff's attorney received a copy. (Exhibit 2.) The MDHR's letter advised Plaintiff that she must commence an action under state law, if at all, within 45 days of her receipt of notice. (Exhibit 2.) After receiving the MDHR right to sue letter, Plaintiff's counsel drafted a complaint, attempted to contact the Plaintiff but received no response from her and was thus unable to file the complaint. On November 27, 2006, 53 days after the issuance of the Notice of Right to Sue, Plaintiff's counsel was finally able to contact Plaintiff through a member of her family. That day, Plaintiff commenced a lawsuit on her Minnesota Human Rights Act (MHRA) claim.

Plaintiff has been treated by psychologist Patricia Peterson since early 2005 for major depression with an anxiety disorder, among other severe mental impairments. (Peterson Aff. ¶ 2.) It is Ms. Peterson's professional opinion that Plaintiff has experienced serious functional limitations due to her severe mental impairments since June 2005 and that these impairments have materially affected her ability to manage her own affairs and interests, comprehend and take appropriate actions concerning her legal rights and responsibilities. (Peterson Aff ¶ 2.) Plaintiff's symptoms and functional limitations were particularly acute and overwhelming during the months of October and November 2006- the time period during which her MHRA complaint was required to be filed. (See Peterson Aff. ¶ 3.)[1]

Defendant seeks the dismissal of Plaintiff's MHRA claim in accordance with Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

---

[1]Additionally, on December 21, 2006 the Office of Disability Adjudication and Review decided that Plaintiff has been disabled by reason of severe mental impairments since June 6, 2005 through the date of that decision and awarded her disability insurance benefits and supplemental security income. (Exhibit 1 at p.3.) The filing deadline fell within that time period of severe mental impairment.

## II. STANDARD OF REVIEW

Defendant moves for partial dismissal for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

## III. LEGAL ANALYSIS

The issue is whether the doctrine of equitable tolling should be applied to this case. Principles of equitable tolling do not extend to what is at best a garden variety claim of excusable neglect. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling is used sparingly by the federal courts and as such, the courts are less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his/her legal rights. Id. at 96, citing Burnett v. New York Central R. Co., 380 U.S. 424 (1965) (equitable tolling applied where plaintiff

timely filed complaint in wrong court); see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).  Generally the application of equitable tolling may be granted where the delay was beyond the party's control.  See Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231 (1959) (permitting equitable tolling where adversary's misrepresentation caused plaintiff to let filing period lapse); Holmberg v. Armbrecht, 327 U.S. 392 (1946) (equitable tolling granted in similar circumstance as Glus).

Equitable tolling is not limited to such circumstances as adversarial misrepresentation or a court's administrative errors.  Plaintiff has shown that the cause of her filing delay was beyond her control.  The record demonstrates that she was severely incapacitated with respect to her ability to exercise her legal rights and responsibilities.  (See Pl.'s Exhibit 1; Peterson Aff.)   Her functional limitations precluded her from having full control over her personal and legal affairs.  Such a delay in filing is shown to have been beyond her control and thus, equitable tolling is applicable.

Defendant argues that Plaintiff's counsel's receipt of a copy of the MDHR Notice of Right to Sue letter constitutes actual receipt of the Notice by Plaintiff.  Indeed, plaintiff's counsel concedes he received such a copy.  However, at this stage in litigation, plaintiff's counsel could not have filed suit without the consent of his client. "Litigation is usually commenced by service of process on the adverse party himself." Irwin, 498 U.S. at 101 (Stevens, J. concurring).  This case involves a notice that is a condition precedent to the commencement of formal litigation.  Similarly, this type of notice must be served on the Plaintiff in this case.  Service to her representative does not give that representative the authority to file a claim.

Further, the Defendant will suffer no prejudice from the application of the doctrine of equitable tolling.  The MHRA claim is based on the same nucleus of operative facts as the ADA

claim. A mere 3-day delay due to Plaintiff's incapacitation is not likely to have caused Defendant to suffer any undue hardship in preparing and proceeding with its case.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion for partial dismissal for failure to state a claim for relief be **DENIED** [#7]


DATED: April 19, 2007                              s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 8, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 8, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.