## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

MARGARET KOSS,

    Plaintiff,

v.

THE YOUNG MEN'S CHRISTIAN
ASSOCIATION OF METROPOLITAN
MINNEAPOLIS,

    Defendant.

Civil No. 06-4639 (JRT/FLN)

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE**

---

Thomas E. Glennon, **THOMAS E. GLENNON & ASSOCIATES, P.A.**, 4700 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for plaintiff.

Paul J. Zech and Brian T. Benkstein, **FELHABER, LARSON, FENLON & VOGT, P.A.**, 220 South Sixth Street, Suite 2200, Minneapolis, Minnesota 55402, for defendant.

Margaret Koss brought this action against her former employer, the Young Men's Christian Association of Metropolitan Minneapolis ("YMCA"), claiming that she was terminated in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Minnesota Human Rights Act ("MHRA"). The YMCA moved to dismiss the MHRA claim because it was not timely filed. In a Report and Recommendation dated April 19, 2007, United States Magistrate Judge Franklin L. Noel recommended that the motion be denied because Koss's functional impairments caused her to miss the deadline. The YMCA filed objections. This Court conducted a *de novo* review of the objections

pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.2(b).  For the reasons set forth

below, the Court overrules the objections and adopts the Report and Recommendation.

## BACKGROUND

Koss worked for the YMCA as a school age care site coordinator from September

1999 until her termination on June 6, 2005.  During that time Koss received cancer

treatment and was forced to take medical leaves of absence in 2003 and 2004.  In May

2005 Koss informed YMCA officials that her physician had recommended that she take

another leave of absence to address depression and anxiety issues associated with the

cancer and the treatment she had received for the disease.  She was terminated from her

position before she was able to begin her leave of absence.  The YMCA told Koss that

she was being terminated at least in part because she had directed another YMCA

employee to use work time to perform personal errands for her own benefit.

On October 5, 2005, Koss filed a disability charge against the YMCA with the

Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department

of Human Rights alleging that she had been terminated because of her medical

disabilities.  Nearly ten months later, on August 31, 2006, the EEOC dismissed the

charge and issued a right to sue letter on claims brought under the ADA.  That letter

authorized Koss to bring ADA claims against the YMCA within 90 days from receipt of

the letter.  The Minnesota Department of Human Rights adopted the findings of the

EEOC and issued a right to sue letter under the MHRA on October 5, 2006.  That letter

gave Koss 45 days from receipt of that correspondence to bring claims based on

violations of the MHRA.  Both letters indicate that they were mailed to Koss as well as her attorney.

Koss filed this lawsuit against the YMCA on November 27, 2006, alleging in Count I that she was terminated because of mental and physical disabilities in violation of the ADA and in Count II that her termination violated the MHRA for the same reasons. The YMCA filed this motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  The YMCA asserts that there is a presumption in Minnesota that a party receives a state issued right to sue letter five days after it is issued and that Koss did not file her MHRA claim until 53 days after the 45 day right to sue letter had been issued in this case.  It contends as a result that the claim should be dismissed.

Koss responds by arguing that equitable tolling applies to extend the time period for filing her MHRA claim.  Along with her response she submitted a personal affidavit, an affidavit from her treating psychologist during the relevant time period, and a decision from the social security administration.  Koss contends that her attorney drafted a complaint after he received a copy of the MHRA right to sue letter but was unable to file it until 53 days after the letter had been issued because mental illnesses made it impossible for her to communicate with him until that date.  Even then, Koss contends, she communicated with the attorney through a family member.  She also states in her affidavit that neither she nor her caretakers remember receiving a right to sue letter from the Minnesota Department of Human Rights.

The affidavit submitted by Koss's treating psychologist, Patricia Peterson, as well as the decision from the social security administration, purport to establish that Koss was

mentally disabled during the time period following issuance of the MHRA right to sue letter.  The psychologist states that Koss suffered from "serious functional limitations" from June 2005 extending through at least March 2007. (Peterson Aff. ¶ 2.)  Peterson also opines that the "functional limitations were particularly acute and overwhelming" in October and November 2006 and that the effects of major depression and an anxiety order, combined with the side effects of medications, rendered Koss unable to attend to her "personal and legal affairs during much or all of this period." (Peterson Aff. ¶ 4.) Koss also submitted a December 2006 decision by the social security administration in which it was determined that major depression, an anxiety disorder, a compulsive obsessive disorder, and an attention deficit disorder caused her to be disabled beginning in June 2005.

The Magistrate Judge issued a Report and Recommendation agreeing with Koss that equitable tolling applies in this case and recommending that the YMCA's motion should be denied.  The YMCA objects to the recommendation.

## ANALYSIS

### I.    Standard of Review

The YMCA filed its motion as one for partial dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), arguing that Count II of the complaint fails to state a claim upon which relief can be granted because the complaint was filed after the time limit for filing an MHRA claim had expired.  Koss responded by submitting materials that are relevant to the decision but that are "outside the pleadings." *See Gibb v. Scott*, 958 F.2d

814, 816 (8th Cir. 1992).  As a result, the motion to dismiss must be converted into one

for summary judgment. Fed. R. Civ. P. 12(b)(6); *Gibb*, 958 F.2d at 816.[1]

Summary judgment is appropriate in the absence of any genuine issue of material

fact and when the moving party can demonstrate that it is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c).  A court considering a motion for summary judgment must

view the facts in the light most favorable to the non moving party and give that party the

benefit of all reasonable inferences that can be drawn from the facts.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.  Equitable Tolling

The YMCA argues that the Court should bar Koss from proceeding on her MHRA

claim because the claim was not timely filed and equitable tolling is inapplicable to the

facts of this case.  It argues that Koss understood her legal rights during the 45-day time

period and that it would be unfairly prejudiced if Koss is allowed to pursue relief under

the MHRA.  Koss counters that the Court should extend the limitations period because

her severe mental disabilities made it impossible for her to file the complaint prior to the

date on which it was filed.  She also asserts that the YMCA will not be prejudiced if she

is allowed to pursue this claim because it is based on the same operable facts as her claim

under the ADA.

---

[1] The Court can rule on the converted motion without giving notice to the parties because it was the nonmoving party who submitted the outside materials. *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 949 (8th Cir. 1999).  This is especially true in this case because the YMCA addressed the extra materials in its briefing and does not object to inclusion of those matters in the Court's consideration.

As noted above, Koss filed this lawsuit 53 days after the Minnesota Department of Human Rights issued the 45 day right to sue letter for claims under the MHRA. A plaintiff is presumed to have received a right to sue letter under the MHRA five days after its issuance, *see* Minn. Stat. § 363A.33, subd. 1, and the letter provides the applicable statute of limitations for claims brought under the MHRA. *Id*. The claim is only timely, then, if the doctrine of equitable tolling extends the 45 day period.[2] *See Anderson v. Unisys Corp.*, 47 F.3d 302, 305-06 (8th Cir. 1995). Courts considering whether to apply equitable tolling must consider both the conduct of the plaintiff and the prejudice to the defendant. *See Ochs v. Streeter, Inc.*, 568 N.W.2d 858, 860 (Minn. Ct. App. 1997). Courts apply equitable tolling to permit claims filed past a statutory deadline only when the circumstances leading to the delay were outside of the plaintiff's control. *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998). For equitable tolling to extend a limitations period, a plaintiff must show that the delay in filing was not caused by "bad faith" or less than "reasonable diligence." *See Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006).

Viewing the facts in the light most favorable to Koss, her attorney received a copy of the right to sue letters but did not file the complaint immediately because he was unable to communicate with her. Consistent with the affidavit submitted by the psychologist, Koss was unable to communicate with the attorney for the whole month of October and most of November because of the severity of her mental illnesses. Then, on

---

[2] Koss claims not to have received the letter, but her attorney admits to receiving a copy of it. Courts have considered notice to counsel to be sufficient notice to a party of the issuance of a right to sue letter. S*ee, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 91 (1990).

November 27, Koss was first able to communicate with her attorney (through a family member) and directed her attorney to file the complaint that same day. The Court finds that such actions do not demonstrate "bad faith" during the months of October and November 2006 but instead indicate that Koss exercised a high degree of diligence during that time period. *See Pecoraro*, 435 F.3d at 875. The mental illnesses made it impossible for her to file the complaint on any date sooner than November 27, 2006, the date on which it was filed, and such grounds are sufficiently beyond the control of the plaintiff to permit the Court to toll a limitations period. *See, e.g.*, *United States v. Brockamp*, 519 U.S. 347, 349 (1997) ("[T]he existence of a mental disability . . . we assume, would permit a court to toll the statutory limitations period.").

The Court still cannot toll the limitations period, however, if the prejudice to the defendant outweighs the equities in favor of allowing the claim to proceed. *See Pecoraro*, 435 F.3d at 875; *Ochs*, 568 N.W.2d at 860. The YMCA argues that it will be unfairly prejudiced if it has to defend against an MHRA claim because it is easier for plaintiffs both to prevail and to obtain large verdicts under the MHRA than under the ADA. This type of prejudice is related to the nature of the claims and not to damages caused by the delay itself. *See Land Grantors in Henderson, Union, and Webster Counties v. United States*, 64 Fed. Cl. 661, 716 (Fed. Cl. 2005) (concluding that defendant could only show prejudice by demonstrating a change in position "that would not have occurred had the plaintiff not delayed") (citation omitted). The YMCA has not alleged any prejudice that results from the Court extending the limitations period, and the Court does not find any such injury in this case.

The Court considered matters outside of the pleadings in reaching its conclusion. As a result, the motion to dismiss is converted into one for summary judgment. The Court finds that the evidence taken in the light most favorable to Koss supports a finding that she filed her complaint on the first date that she was capable of communicating with her attorney. Because there is also no evidence in the record that the YMCA will be prejudiced by the short delay in filing the complaint, the Court denies defendants' motion.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** the YMCA's objections [Docket No. 26] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 23]. Accordingly, **IT IS HEREBY ORDERED** that the YMCA's Motion to Dismiss or, in the alternative, for Summary Judgment on Count II [Docket No. 2] is **DENIED**.


DATED:    August 31, 2007                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                      United States District Judge